UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Bradley T. Blazevic,                                                   Civil No. 11-3588 JRT/AJB

                Plaintiff,

v.                                                **REPORT AND RECOMMENDATION**

Michael J Astrue,

                Defendant.

      This matter comes before the court, Chief Magistrate Judge Arthur J. Boylan, United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for report and recommendation to the district court that this matter be dismissed for failure to prosecute. The plaintiff filed a complaint on December 12, 2011, seeking review of defendant's decision denying applications for Disability Insurance Benefits and Supplemental Security Income. The defendant timely filed an Answer, along with the administrative record, on February 10, 2012.

      Pursuant to District of Minnesota Local Rule 7.2(b)(1) the plaintiff is required to serve a motion for summary judgment on the defendant within 60 days after service of the Answer and Transcript. More than 120 days have now passed since the Answer and Transcript were filed and served and no motion by the plaintiff for summary judgment has been served or filed in this case. On April 25, 2012, the court issued an Order to Take Action in which the plaintiff was advised of his failure to either timely file a motion for summary judgment or seek an extension of time to file such a motion. Plaintiff was directed to:

    1.     Serve and file a motion for summary judgment and supporting memorandum on or before May 23, 2012. Defendant shall thereafter have 45 days to serve and file a responsive motion for summary judgment and supporting memorandum; or

    2.    Advise the Court in writing if good cause exists for noncompliance with the terms of [the] Order, or if good cause exists for extension of time in which to file his motion for summary judgment.

Plaintiff was expressly notified that unless he timely complied with the Order to Take Action, this case would be dismissed for lack of prosecution. In addition, plaintiff was sent a letter referring him to the Minnesota Federal Bar Association Pro Se Project for legal assistance on April 16, 2012.[1] Plaintiff has not filed a motion for summary judgment, has not requested an extension of time to file a motion for summary judgment, and has not advised the court of good cause for failing to comply with the Local Rules or the court's prior Order to Take Action.

Dismissal without prejudice is a minimal sanction for plaintiff's failure to take action as required by court order.[2] The court's authority to dismiss an action for failure to take action is necessary to prevent undue delay in the disposition of cases and is recognized under Fed. R. Civ. P. 41(b) as an adjudication on the merits. Link v. Wabash Railroad Co., 370 U.S. 626, 629-30 (1962). Pursuant to the court's inherent case management and administration responsibilities, dismissal of this action without prejudice is an appropriate sanction. Fed. R. Civ. P. 41(b).

Therefore, **IT IS HEREBY RECOMMENDED** that this matter be **dismissed**

---

[1] The director of the Minnesota Federal Bar Association Pro Se Project has advised the court by email that she has had contact with the plaintiff regarding pro bono representation and the need to obtain time extensions. Plaintiff has not acted on those matters.

[2] Though dismissal of this action without prejudice means plaintiff is not prohibited from refiling his Social Security appeal in United States District Court, a subsequent appeal would likely be subject to the 60-day limitation on time for appeal as to which the plaintiff was expressly advised in the Notice of Appeals Council Action dated October 12, 2011, almost all of which appears to have expired before this case was filed.

without prejudice for failure to prosecute in compliance with the court's Order to Take Action dated April 25, 2012.

Dated:   June 22, 2012

    s/Arthur J. Boylan  
Arthur J. Boylan  
United States Chief Magistrate Judge

      Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before July 9, 2012.